[No. 1320.]

THE STATE OF NEVADA, ex rel., W. C. LOVE, Relator, *v.* COUNTY COMMISSIONERS OF ELKO COUNTY, Respondents.

Statute Construed—Constitutional Law.—The act of February 23, 1887, entitled "An act relating to and consolidating certain county offices in the State of Nevada," provide that after the first Monday in January, 1889, district attorneys shall be *ex-officio* superintendents of schools in their counties without additional compensation. The act of March 11, 1885, fixing the compensation of officers of Elko county, was amended by the act of March 5, 1887, so far as it fixed the compensation of sheriff, so as to give him a salary of $4,000 per annum in lieu of fees, and that portion of the act fixing the salary of the district attorney at $2,000 per annum and the superintendent of schools at $600 per annum, was re-enacted. *Held*, that the amendatory act was passed for the sole purpose of changing the compensation of the sheriff, and did not repeal the act of February 23, 1887, as the constitution of Nevada (Art., IV, Sec. 17) requires that no law shall be "revised or amended by reference to its title only, but in

such case, the act as revised, or section as amended, shall be re-enacted and published at length."

ORIGINAL application for writ of mandate.

The facts sufficiently appear in the opinion.

*Robt. M. Clarke* and *W. C. Love,* for Relator.

I.  Respondents being charged by law with the duty of acting upon relator's demand, and having neglected and refused to do so may be compelled to act thereon by mandate of this court.

II.  The act of March 5, 1887, is irreconcilably repugnant to the act of February 23, 1887, so far as Elko county is affected, and being a later statute must be given effect. (Sedgwick on Const. and Stat. Law, p. 123, *et seq.*; *Estate of Walley,* 11 Nev. 260; *United States* v. *Barr,* 4 Saw. 254).

*J. A. Plummer,* for Respondents.

I.  The act of March 5 has no relation to the act of February 23. One refers to and affects an *ex-officio* person who, by virtue of holding one lucrative position, shall be required at a future time to earn his salary by additional labor; the other to an individual regularly elected to a separate and distinct office and who at the time was performing the duties thereof.

II.  Statutes must be wholly irreconcilable, inconsistent and incapable of other reasonable construction before a repeal by implication will be admitted to have taken place.  (*McCartee* v. *Orphan Asylum Society,* 9 Cowen 437; *People* v. *Quigg,* 59 N. Y. 83; *State* v. *Severance,* 55 Mo. 378; *W. W. Co.* v. *Burkhart,* 41 Ind. 364; *Haynes* v. *Jenks,* 2 Pick. 176; *People* v. *S. F. & S. J. R. Co.,* 28 Cal. 254).

By the Court, HAWLEY, C. J.:

This is an application for *mandamus* to compel respondents to act upon relator's claim for fifty dollars for one month's compensation as county superintendent of schools.  In 1885 the legislature passed " an act regulating the compensations of county officers in the several counties of this state, and other matters relating thereto" (approved March 11, 1885).  Section 5 of this act fixed the compensation of all the county officers of

Elko county, and, among other things, provided that the sheriff " shall receive such fees as are allowed under the provisions of an act * * * approved February 27, 1883," (Stat. 1883, 56); that " the district attorney shall receive two thousand dollars per annum," and that " the superintendent of schools shall receive six hundred dollars per annum." In 1887 the legislature passed "an act relating to and consolidating certain county offices in the state of Nevada" (approved February 23, 1887). This act reads as follows:

" Section 1. On and after the first Monday in January, A. D. 1889, the district attorneys, in addition to their respective duties, shall be *ex-officio* superintendent of schools within their respective counties, without additional compensation. Sec. 2. There shall be no county superintendent of schools elected in this state, except as provided in section one of this act. Sec. 3. All acts and parts of acts in conflict with the provisions of this act are hereby repealed." (Stat. 1887, 73.) At the same session the legislature, to-wit, March 5, 1887, amended section 5 of the act approved March 11, 1885, in so far as it fixed the compensation of sheriff, so as to read that " the sheriff of Elko county shall receive four thousand ($4,000) dollars per annum, which sum shall be compensation in full for all services rendered," and re-enacted the original clauses relating to the offices of district attorney, superintendent of schools and other offices. (Stat. 1887, 125.)

Relator was elected district attorney at the general election held in 1888. His term of office commenced on the first Monday in January, 1889, and he then became, under the provisions of the act approved February 23, 1887, *ex-officio* superintendent of schools of Elko county. He claims that under the provisions of the amendatory act approved March 5, 1887, he is entitled, in addition to his compensation as district attorney, to a salary of six hundred dollars per annum as superintendent of schools.

At the time of the passage of the original act of March 11, 1885, the office of superintendent of schools was an elective office, independent, separate, and distinct from the office of district attorney. There is no conflict between the two statutes passed in 1887. The act approved February 23 consolidated the offices of district attorney and superintendent of schools. It provided that they should, after the first Monday in Jan-

nary, 1889, be held by one person, to be elected as district attorney, and to receive the compensation allowed by law to that office, and, in addition to his duties as district attorney, to perform the additional duties of superintendent of schools, "*without additional compensation.*" The subsequent amendatory act, approved March 5, has no reference whatever to the subject matter of the prior act of February 23, but relates exclusively to the act approved March 11, 1885, and was passed for the sole purpose of changing the compensation of the sheriff from fees to a salary.

Under the constitution of this state, no act of the legislature could be "amended by reference to its title only, but in such case the act as revised, or section as amended, shall be re-enacted and published at length." (Article IV, Sec. 17.) In order to make the desired change in the compensation of the sheriff, the legislature, in pursuance of this constitutional provision, re-enacted all the other provisions contained in section 5 of the act of March 11, 1885. The object and purpose of the act of March 5, 1887, being entirely foreign and distinct from that of the act of February 23, 1887, it necessarily follows that the claim of relator that the amendatory act of March 5th, being the later act, repealed the former act of February 23d, requiring the district attorney to perform the duties of superintendent of schools without compensation, by implication, is utterly devoid of any merit whatever. The intention of the legislature in the passage of these acts, is so clear, plain, positive and certain that a reference to the statutes is all that is needed to decide the question. *Mandamus* denied.