[Sac. No. 1151. In Bank.—April 28, 1904.]

B. F. TOUT, Respondent, v. W. E. HAWKINS, Appellant.

ELECTION CONTEST—JUDGMENT FOR CONTESTANT—APPEAL—ERRORS IN BALLOTS—NET GAIN FOR CONTESTANT—AFFIRMANCE OF JUDGMENT. —Where the judgment upon an election contest was in favor of the contestant, and upon appeal all errors found in this court resulted in a net gain for the contestant, the judgment must be affirmed.

ID. — DISTINGUISHING MARK — CONSTITUTIONAL AMENDMENT — STAMP UPON WORD " No."—Where the law as it stood at the time of the election only required that the cross should be stamped "against" the answer appended to a constitutional amendment, a stamp fixed upon the word "No" following the amendment is not such a distinguishing mark as to invalidate the ballot.

APPEAL from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Maurice E. Power, Bradley & Farnsworth, and Hannah & Miller, for Appellant.

Charles G. Lamberson, for Respondent.

HENSHAW, J.—Plaintiff, defendant, and one W. F. Mc-Cracken were rival candidates for the office of supervisor of supervisorial district No. 4 in Tulare County at the general election held on November 4, 1902. By its official canvass the board of supervisors found that the appellant had received a

plurality of all the votes cast in the district, and accordingly declared him elected, and the certificate of election was duly issued to him. Plaintiff and respondent instituted this contest, praying that he be declared elected. The case was tried, and by the judgment of the court it was determined that plaintiff had received a plurality of three votes over the appellant, and he was declared duly elected. The defendant prosecutes this appeal. The questions presented are under the objections and exceptions of the respective parties to the court's rulings in rejecting and in counting certain ballots. These disputed ballots, with the objections thereto, have been brought before this court, which has considered them. No useful purpose can be subserved in attempting to specify as to each ballot the grounds of this court's concurrence or disagreement with the ruling of the trial judge thereon. It must suffice to sum up our conclusions as follows: In counting the ballots of Traver Precinct, the court erred in overruling defendant's objection No. 8 and counting that ballot for Tout. In Grand View Precinct the court erred in overruling plaintiff's objections Nos. 1 and 7 and counting those ballots for Hawkins. In Dinuba Precinct the court erred in overruling plaintiff's objections Nos. 5 and 6 and counting those ballots for Hawkins. In Sultana Precinct the court erred in sustaining defendant's objection No. 1 and in refusing to count that ballot for Tout. In Esham Precinct the court erred in sustaining plaintiff's objection No. 1 and in refusing to count that ballot for Hawkins. In Orosi Precinct the court erred in overruling defendant's objection No. 4 and in counting that ballot for Tout; and the court likewise erred in sustaining defendant's objection No. 7 in the same precinct and refusing to count that ballot for Tout. The court also erred in overruling defendant's objection No. 2 in the same precinct and in counting that ballot for Hawkins. In Churchill Precinct the court erred in sustaining defendant's objection No. 1 and in refusing to count that ballot for Tout. In Monson Precinct the court erred in sustaining defendant's objection No. 8 and in refusing to count that ballot for Tout. In Ash Springs Precinct the court erred in sustaining plaintiff's objection No. 6 and in refusing to count that ballot for Tout.

Summarized, the result is, that the court erroneously

counted for Tout two ballots and erroneously counted for Hawkins six ballots. It erroneously rejected for Tout four ballots and erroneously rejected for Hawkins one ballot, which results, upon this recount of the disputed ballots, in a net gain for Tout of seven votes, thus increasing the plurality found in his favor by the trial court from three to ten votes. Most of the objections to the ballots are based upon alleged markings with a double cross, distinguishing marks of various kinds, including erasures. As has been said, it would be impracticable, and useless if practicable, to discuss separately each of these objections. There were, however, some ballots rejected by the court because the cross after "Senate Constitutional Amendment" was stamped upon the word "No" following the amendment, and not in the square to the right of this word. The law now requires the voter to stamp his cross in such square, but at the time of this election there was no such requirement, the language being, that he should stamp a cross "against" the answer, and a cross placed where these were placed did not, therefore, in the then condition of the law, invalidate the ballot.

For the foregoing reasons the judgment appealed from is affirmed.

McFarland, J., Shaw, J., Angellotti, J., Van Dyke, J., and Lorigan, J., concurred.