STATE EX REL. HAY, JR., RESPONDENT, *v.* HINDSON ET AL., APPELLANTS.

(No. 2,790.)

(Submitted January 18, 1910. Decided January 21, 1910.)

[106 Pac. 362.]

*Statutory Construction—Legislative Intent—Repeal by Implication—Presumptions.*

Statutory Construction—Legislative Intent.

1. In the construction of statutes, the intention of the legislature must be ascertained, and, when ascertained, is controlling.

Same—Repeal by Implication—Presumption.

2. The law does not favor the repeal of an earlier statute by a later one by mere implication; and the presumption against an implied repeal is stronger where the provisions, apparently conflicting, were enacted at or about the same time.

Same.

3. Where two Acts are passed by the legislature at the same session, both amending the same statute and neither referring to the

other, both must be given effect, unless their provisions are irreconcilable.

Same—Deputy Sheriffs—Salary.

4.   Chapter 93, Laws of 1909, amending section 3119, Revised Codes, so as to fix the salary of that deputy sheriff who acted as jailer, at the same rate paid to other deputies, and Chapter 119, having for its purpose the amendment of the same section so as to allow an additional deputy to the clerk of the district court having more than one judge, were both passed on the last day of the session, and approved by the governor after adjournment of the legislature, the latter Act a few days after the former. Neither statute referred to the other. In amending section 3119, relative to the deputy clerk of the district court, that portion having reference to the salary of the deputy sheriff who acted as jailer was republished as it originally stood, and Chapter 119, as thus enacted, contained a general repealing clause. *Held,* that the Acts are not inconsistent; that the general repealing clause cannot be said to have been intended to operate on Chapter 93; that the republishing, in Chapter 119, of that portion of the section amended by Chapter 93, was an inadvertence and must be disregarded; and that both Acts must be given effect, under the rule stated in paragraph 3 above.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

*Mandamus* by the state, on the relation of Henry Hay, Jr., against J. J. Hindson and others, county commissioners of Lewis and Clark county, to compel the allowance and payment of a claim of relator. From a judgment awarding a peremptory writ, defendants appeal. Affirmed.

In behalf of Appellants there was a brief by *Mr. Albert J. Galen,* Attorney General, and *Mr. W. L. Murphy,* Assistant Attorney General.

*Messrs. Clayberg, Maloney & O'Flynn,* and *Messrs. Heywood & Phelan,* filed a brief in behalf of Respondent.

Cause submitted on briefs of counsel.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

During 1909 Lewis & Clark county was a county of the third class, and relator, Hay, was a deputy sheriff who acted as jailer. For his services rendered during the month of June, 1909, the

relator was paid only $90, and he thereupon filed with the
county auditor his verified claim for $35, contending that he
was entitled to receive a salary of $125 per month.  The claim
was passed upon and approved by the auditor, but was dis-
allowed by the board of county commissioners, upon the theory
that the maximum compensation of relator was $90 per month.
An application was made to the district court by the relator for
writ of mandate to compel the board of county commissioners to
allow and pay his claim for $35.  A peremptory writ was issued
after a hearing, and from the judgment awarding such writ the
commissioners appealed.  The question presented ·is : What sal-
ary was allowed by law to a deputy sheriff who acted as jailer,
in a county of the third class, during the month of June, 1909 ?

Prior to the enactment of certain measures, which will here-
after be considered, the maximum salary allowed a deputy sheriff
who acted as jailer was fixed by section 3119, Revised Codes, at
$90 per month.  This statute had been in force since March
3, 1905.  On March 4, 1909, two certain bills were passed by
the ninth legislative assembly, duly enrolled, signed by the pre-
siding officers, and transmitted to the governor, who indorsed
upon each that it was received at 11:55 P. M.  These bills are
designated House Bill 335 (now Chapter 93, Laws 1909), and
Senate Bill 120 (now Chapter 119, Laws 1909).  On March 5
the governor approved House Bill 335, and on March 8 he ap-
proved Senate Bill 120.  House Bill 335 fixed the salary of a
deputy sheriff who acts as jailer at the same amount allowed
any other deputy sheriff, which, for a county of the third class,
was $125 per month, in June, 1909.  Senate Bill 120 reiterates
the language of section 3119 above, in so far as it fixed the
maximum compensation for such officer at $90 per month.  So
that we have these two bills, passed upon the same day, con-
taining these apparently contradictory provisions.  The legis-
lative history of these Acts discloses that each was intended to
amend section 3119, above.  It is one of the elementary rules
of the law of statutory construction that the intention of the
lawmakers shall be ascertained, if possible, and, when ascer-
tained, shall control.  As is well said in *Riggs* v. *Palmer*, 115

N. Y. 506, 12 Am. St. Rep. 819, 22 N. E. 188, 5 L. R. A. 340:
"A thing which is within the intention of the makers of a statute
is as much within the statute as if it were within the letter;
and a thing which is within the letter of the statute is not within
the statute unless it be within the intention of the makers."
Necessarily the courts must look to the statute itself, its history,
or both, for the key to the legislative intent.

A comparison of each of these two bills with section 3119,
above, discloses at once just what purpose the legislature had in
each instance.    House Bill 335 amends section 3119 in one par-
ticular only.    Prior to this amendment this section provided
that in a county of the third class the sheriff may appoint two
deputies, who shall act as jailers "at a salary not to exceed
ninety dollars per month" for each.    The amendment substi-
tutes, for the words quoted above, the following: "And receive
the same salary as other deputy sheriffs."    In other respects the
section was left as it was enacted originally.    In order to make
this change, our Constitution (Article V, section 25) requires
that the entire section 3119, as thus amended, should be re-
enacted and published at length, and this was done.    The con-
stitutional provision, however, is a rule of legislative procedure,
merely directing how such an amendment can be made.    The
rule of construction applicable in such a case is found in sec-
tion 119, Revised Codes, which provides: "Where a section or a
part of a statute is amended, it is not to be considered as having
been repealed and re-enacted in the amended form, but the por-
tions which are not altered are to be considered as having been
the law from the time they were enacted, and the new provisions
are to be considered as having been enacted at the time of the
amendment."    So that, in this instance, section 3119, as amended
by House Bill 335, has been and continues in full force and
effect from March 3, 1905, except in so far as the increased com-
pensation is made to the deputy sheriff who acts as jailer, and
this provision only took effect as of the date of its approval,
March 5, 1909.    Likewise, Senate Bill 120 amends section 3119
by the mere substitution of the word "four" for the word
"three," and, as thus amended, the clerk of the district court

in a county of the third class having more than one district judge is now allowed four deputies; whereas, before this amendment was made, he was allowed but three.

This statement appears to us to disclose beyond controversy that, in enacting House Bill 335, the only purpose which the law-makers had in mind was to change the compensation allowed a deputy sheriff who acts as jailer; and the only purpose in enacting Senate Bill 120 was to increase the number of deputies allowed certain district clerks from three to four. The two bills were passed at the same time. Both amendments might have been incorporated in either bill. But the mere fact that the governor approved the Senate Bill three days after he approved the House Bill ought not to operate to defeat the manifest purpose of the legislature.

Senate Bill 120 contains a general repealing clause; but it cannot be said that it was intended to operate upon section 3119 as amended by House Bill 335, for at the time the Senate Bill was passed, the members of the legislature could not know that House Bill 335 would ever become a law. Both measures were passed on the last day of the legislative session, and neither was acted upon by the executive until after final adjournment. It therefore required the signature of the governor to make either operative. (Const., Art. VII, sec. 12.) There could not be, therefore, any express repeal of the House Bill by the Senate Bill, and it is a rule of universal application that the repeal of an earlier statute by a later one by mere implication is never favored. (*United States* v. *One Hundred and Ninety-six Buffalo Robes*, 1 Mont. 489; *Congdon* v. *Butte Consolidated Ry. Co.*, 17 Mont. 481, 43 Pac. 629; *Winslow* v. *Morton*, 118 N. C. 486, 24 S. E. 417.) And the presumption against an implied repeal is stronger where the provisions, apparently conflicting, were enacted at or about the same time. In *State ex rel. Insurance Co.* v. *Rotwitt*, 17 Mont. 41, 41 Pac. 1004, this court said: "It is also a rule of construction that, where two Acts were passed at the same session of the legislature, effect should be given to each, if possible. In such a case the presumption is strong against implied repeal." This language is referred to

and quoted with approval in *Congdon* v. *Butte Consolidated Ry. Co.*, above, and the same rule is found in 26 American and English Encyclopedia of Law, second edition, 716, and in 1 Lewis' Sutherland on Statutory Construction, second edition, section 268.

The question before us is not a new one. It has arisen in many states, and it is quite uniformly held that, where two amendatory statutes are passed at the same session of the legislature, neither of which refers to the other, they will both be held to be effective, unless the amendatory portions are irreconcilable. The authorities in support of this view are collected in 1 Lewis' Sutherland on Statutory Construction, section 273. As observed above, there is not anything inconsistent between the amendment sought to be made by House Bill 335 and the amendment sought to be made by Senate Bill 120. And our conclusion is that section 3119 was amended by House Bill 335, and thereby the salary of the deputy sheriff of a county of the third class who acts as jailer was fixed at $125 per month; that Senate Bill 120 did not purport to make any change in the salary of that officer; and that the mere inclusion, in this Senate Bill, of the concluding clause of section 3119 as it was before the amendment made by the House Bill, was an inadvertence, and such clause ought to, and will, be disregarded. The following authorities directly support this view: *Svenness* v. *West Salem,* 114 Wis. 650, 91 N. W. 121; *Reeves* v. *Gay,* 92 Ga. 309, 18 S. E. 61; *Winslow* v. *Morton,* 118 N. C. 486, 24 S. E. 417; *State ex rel. Love* v. *Elko County Commrs.,* 21 Nev. 19, 23 Pac. 935; *Lewis* v. *Brandenburg,* 105 Ky. 14, 47 S. W. 862, 48 S. W. 978; *Lang* v. *Calloway,* 68 Mo. App. 393; 1 Lewis' Sutherland on Statutory Construction, 2d ed., sec. 234.

We find no error in the record. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.