

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

August 23, 1955

Honorable Weldon Hart
Chairman and Executive Director
Texas Employment Commission
Austin, Texas

Opinion No. S-169

Re: Construction of
Senate Bills 44 and
286, 54th Legislature,
amending Unemployment
Compensation Act.

Dear Mr. Hart:

You have requested advice as to the effect of
the Legislature's having passed both Senate Bill No. 44
and Senate Bill No. 286 at its last session. Each of
these bills purports to amend Subsection (d) of Section 5
of the Texas Unemployment Compensation Act, as amended
(Ch. 482, Gen. and Spec. Laws of Texas, 44th Leg., 3rd
Called Session, 1936, as amended), but S.B. No. 286 pur-
ports to amend other sections of that Act as well.

Senate Bill No. 44 was finally passed on May 31,
1955, and S.B. No. 286 was finally passed on June 7, 1955.
The Governor approved S.B. No. 44 on June 22, 1955, and
then approved S.B. No. 286 on June 24, 1955.

An examination of the language of the two bills
discloses irreconcilable conflict, insofar as the amend-
ment of Subsection (d) of Section 5 is concerned. Senate
Bill No. 286 makes "failure or refusal to cross a picket
line or refusal for any reason during the continuance of
such labor dispute to accept and perform his available
and customary work" a disqualifying circumstance; whereas,
S.B. No. 44 contains no such language. Senate Bill No.
286 contains no provision dealing with burden of proof;
whereas S.B. No. 44 does contain such a provision. In
addition, there are many other differences in the amenda-
tory language of the two bills.

These facts, standing alone, would be sufficient
to require that we advise you that the terms of S.B. No.
286 as they amend Subsection (d) of Section 5 of the Act,
are controlling and will prevail over the provisions of
S.B. No. 44, since the rule is that:

"Where two acts passed at the same session
of the Legislature cannot be reconciled by any
known rule of construction, the first in time or
position must give way to the last, and the latter
act will stand as the final expression of the
legislative will."

The authorities in support of this rule are discussed in our Opinion No. V-990, January 26, 1950, which was affirmed by Ex parte De Jesus de La O, 154 Tex. Crim. 326, 227 S.W. 2d 212 (1950) from which the above quotation was taken.

Senate Bill No. 286 contains an express repeal provision which constitutes a clear statement of the purpose of the Legislature to repeal all acts and parts of acts in conflict with its terms. 39 Tex.Jur. 131. Such was not the case before the court in Ex parte De Jesus de La O, supra. There the later of the two acts contained no express repeal clause but the court held that there was an implied repeal. The instant facts are therefore stronger than the facts which were before the court in the cited case.

In connection with your inquiry about provisions in S.B. No. 44 relating to burden of proof which are not contained in later S.B. No. 286, it is to be noted that the court in the case cited had before it just such a situation. The earlier act contained provisions for suspension of sentence and for bond and forfeiture of bond; whereas the later act did not. The court held:

"The two acts are in irreconcilable conflict, and therefore the latter act, . . . being the latest expression of the legislature, will prevail. . . ." 227 S.W. 2d 213.

Regardless of whether there is actually an irreconcilable conflict between paragraph (3) in S.B. No. 44 and the express provisions of S.B. No. 286, it is our opinion that the answer to your inquiry respecting this paragraph would be the same. The ultimate factor in determining whether a later amendatory act repeals a former one is whether the Legislature intended the later act to be a substitute for all previous amendments to the portion of the statute under consideration. Where two amendatory acts passed at the same session change different parts of the section being amended, and each had as its purpose a change in that portion only, the courts have allowed the intermediate change to stand even though it was not included in the later amendment. People v. Lloyd, 304 Ill. 23, 136 N.E. 505, 535 (1922); Gerdts v. Gerdts, 196 Minn. 599, 265 N.W. 811 (1936); State v. Hindson, 40 Mont. 353, 106 Pac. 362 (1910). However, where the history and circumstances of enactment show that the Legislature intended by a later act to revise the subject matter of a former one and to

make it replace all prior enactments on the subject, the subsequent statute will repeal a prior one though not repugnant in all its provisions. See cases cited in 34 Texas Digest, Statutes, Sec. 161(1). While the presumption against implied repeal is stronger where two independent acts are passed at the same session, this presumption must give way to the demonstrated legislative intent to make the later enactment embrace the full subject matter to which it relates.

The amendments to Subsection (d) in both these bills relate to the same purpose and subject matter. The history of the bills in the Legislature shows that S.B. No. 286 was enacted with full consciousness of the changes embraced in S.B. No. 44. In the course of enactment S.B. No. 286 was changed so as to adopt, in identical language, many of the changes which S.B. No. 44 made in the existing law. One of the House amendments to S.B. No. 286, in which the Senate refused to concur, was a provision that S.B. No. 286 should not be construed as having the effect of repealing, altering, modifying or making any change in the provisions of S.B. No. 44. See Daily House Journal, 54th Leg., p. 3276. Many other circumstances show that the conference report on S.B. No. 286, which was prepared and adopted after adoption of the conference report on S.B. No. 44, was intended as the final, complete expression of all the changes which were to be embraced in Subsection (d).

You are therefore advised that the terms of S.B. No. 286 must stand as the final expression of the legislative will and that the terms of S.B. No. 44 must give way.

## SUMMARY

There being irreconcilable conflict between the terms of S.B. No. 44 and S.B. No. 286, 54th Legislature, amending Subsection (d), Section 5 of the Texas Unemployment Compensation Act, S.B. No. 286, the latest expression of the Legislature, will prevail over S.B. No. 44.

APPROVED:

L. P. Lollar
Taxation Division

Mary K. Wall
Reviewer

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Sam Lane*
Sam Lane
Assistant

J. A. Amis, Jr.
Reviewer

Will D. Davis
Special Reviewer

Davis Grant
Special Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General


SL:amm