CONGDON, Respondent, *v.* BUTTE CONSOLIDATED RAILWAY COMPANY, Appellant.

[Submitted January 30, 1896.   Decided February 3, 1896.]

Statutes—*Repeal by implication—Construction.*—Where a repeal by implication is made necessary by an irreconcilable conflict between statutes reenacted in a general revision of laws, the section last enacted in the original form will govern.

Same—*Reenactment by revision—Construction.*—Sections 72, 75, First Division of the Compiled Statutes, being respectively acts of 1879 and 1883, and having been reenacted in the revision of 1887, must be considered as acts of the same legislature, and therefore effect given to both if possible. (*State ex rel., Aachen & M. F. Co.* v. *Rotwitt, ante,* page 41, cited.)

Summons—*Service on corporations—Statutory construction.*—Section 75, First Division of the Compiled Statutes, relating to the service of summons upon a corporation, and providing for service upon the president, secretary, treasurer or other officer, and if such officers cannot be found, then upon certain designated employes, was not intended to repeal section 72 *Id.*, permitting service to be made upon the president, secretary, cashier or managing agent, but was intended to extend, by more liberal provisions, the facilities of serving corporations, and therefore, a return of service upon a managing agent need not show that the principal officers named in section 75 could not be found. Although in such case, *semble,* that a managing agent might be such "other officer" within the purview of section 75.

*Appeal from Second Judicial District, Silver Bow County.*

Action for services rendered. Judgment by default. Defendant's motion to vacate the default was denied by Speer, J. Affirmed.

Statement of the case by the justice delivering the opinion.

This is an appeal from an order of the district court denying the defendant's motion to open a default. Among other

grounds relied upon for opening the default was alleged excusable neglect by the defendant. That position is abandoned upon this appeal, and the only question now present is as to the service of the summons.

The defendant is a domestic corporation. The plaintiff commenced his action for work and labor performed for defendant at its request. A summons was issued, and served by William M. Wilson, who makes the following return of the service:

"State of Montana, County of Silver Bow—ss:

"William M. Wilson, being duly sworn, says that he is a male citizens of the United States of America, and of the state of Montana, and is a resident of the county of Silver Bow, state of Montana, and is over the age of eighteen years; that he is not in any way interested in the above-entitled action; that on the 19th day of April, A. D. 1894, he received the annexed summons, and personally served the same on the defendant therein named, by exhibiting the original and handing to and leaving with J. R. Wharton, managing agent of defendant corporation, a true and correct copy thereof, on the 8th day of May, A. D. 1894, at Butte, county of Silver Bow, state of Montana. William M. Wilson.

"[Duly verified.]"

It is not questioned that William M. Wilson was a competent person to make the service. The service purports to have been made under the provisions of section 72, Comp. St. 1887, which section, in its first paragraph, is as follows:

"The summons must be served by delivering a copy thereof, as follows: First. If the suit is against a corporation formed under the laws of this state, to the president, or other head of the corporation, secretary, cashier, or managing agent thereof."

This portion of the law as to service of summons comes from the Revised Statutes of 1879. Later in time, to wit, March 8, 1883, the legislature enacted the following provision:

"Any corporation doing business in this state may be served with summons or other process by serving a copy of such process upon the president, secretary, treasurer, or other officer

of the corporation, or upon the agent designated by such corporation as the person upon whom service shall be made, as required by law; and if none of the persons above mentioned can be found in the county, then service may be made upon any clerk, superintendent, general agent, cashier, principal director, ticket agent, station keeper, managing agent or other agent, having the management, direction, or control of any property of such corporation. If none of the other persons in this section described, can be found in the county in which such action is commenced, then service may be made, as provided in this section, upon any of the persons herein described, in any county of this state." Comp. St. 1887, div. 1, § 75.

These two provisions of the law as to service of summons were together re-enacted in the Compiled Statutes of 1887. It appears by the return of the summons that service was made upon the managing agent of the corporation. It is not questioned, but this service would be good under the provisions of section 72.

The defendant defaulted, and judgment was rendered against it. Motion to set aside the default was made, the defendant contending that section 75 repealed section 72 as far as the contentions in this case are concerned, and that the service was not good under said section 75. The motion to open the default was denied. From this order the appeal is taken.

*Corbett & Wellcome*, for Appellant.

*Thompson Campbell*, for Respondent.

DE WITT, J.—The question here is whether section 75, Code of Civil Procedure, repeals subdivision 1 of section 72, so that a service of summons upon a domestic corporation made in full accordance with the provisions of subdivision 1 of section 72 is void if such service does not also fulfill the requirements of section 75. Under the provisions of section 72, service may be made upon a domestic corporation by serving the summons upon the president or other head of the corporation, secretary, cashier or managing agent thereof. Under section 75, any

corporation doing business in this state may be served by serving the summons upon the president, secretary, treasurer or other officer of the corporation, or upon their designated agent. The section then provides, in case these officers cannot be found, for a service upon certain subordinate employes of the corporation. As the service in this case was not made upon the president, secretary or treasurer, or, as appellant claims, any other officer, or upon a designated agent, it is contended that the return should have shown that such officers could not be found, and that for that reason service was made upon the managing agent. This section 75 provides that the service may be made upon any other officer. We are not prepared to hold that the managing agent of the corporation was not such "other officer." He himself, in making an affidavit to set aside the default, admits that he was the managing agent, and does not claim that he was not an officer of the corporation, nor do any of the affidavits filed by the appellant pretend that the person served was not an officer. Under these circumstances, there is much reason to hold that the managing agent served was an officer of the corporation, within the purview of section 75.

But we will pass this question, and advance to another consideration. Unless subdivision 1 of section 72 was repealed by section 75, the service in this case was good. Section 75 did not directly repeal subdivision 1 of section 72. If there was a repeal at all, it was by implication only. Repeals by implication are not favored. (*United States* v. *196 Buffalo Robes,* 1 Mont. 495.) Furthermore, both section 72 and section 75 were reenacted in the revision of 1887, and thus may be considered as the acts of one legislature.

It is said in Sutherland on Statutory Construction (section 156) as follows : "Though a revision operates to repeal the laws revised, whether repugnant or not, those portions that are reenacted are continuations. The revision is, however, a reenactment, and to be alone consulted to ascertain the law when its meaning is plain; but, when there is irreconcilable conflict of one part with another, the part last enacted in the

original form will govern; and, when it becomes necessary to construe language used in the revision which leaves a substantial doubt of its meaning, the original statutes may be resorted to for ascertaining that meaning."

Upon the same subject, this court, through Mr. Justice Hunt, made the following remarks in *State ex rel., Aachen & M. Ins. Co.* v. *Rotwitt, ante,* page 41: "We conclude, therefore, that the legislature enacted both laws,—the one, title 11, as adopted, by way of new enactment; the other, by express retention of the act of March 8, 1893. As before stated, we regard the repealing clause in the 1893 act as ineffective against the new legislation of 1895. Both laws must therefore be upheld if, by fair and reasonable interpretation, they may be made to operate in harmony, and without absurdity. (Sutherland on Statutory Const. § 152.) There is a presumption that the legislature did not intend to interfere with or abrogate any former law relating to the same matter, unless the repugnancy between the two is irreconcilable. 'In an endeavor to harmonize statutes seemingly incompatible, to avoid repeal by implication, a court will reject absurdity as not enacted, and accept with favorable consideration what is reasonable and convenient.' Id. It is also a rule of construction that, where two acts were passed at the same session of the legislature, effect should be given to each, if possible. In such a case the presumption is strong against implied repeal. (*Houston & T. C. R. R. Co.* v. *Ford,* 53 Tex. 364; *Smith* v. *People,* 47 N. Y. 330; Sutherland on Statutory Construction § 153.)"

These two sections under review having, in effect, been passed by the same legislature, the question is whether section 75 is so repugnant to subdivision 1, section 72 that the latter cannot stand. We think not. Section 72, in its two subdivisions, called 1 and 2, provides for service upon domestic corporations and foreign corporations. Section 75 names any corporation doing business in this state. It is apparent in reading section 75 that it is an extension of the facilities of serving a corporation. Section 72 provides simply for ser-

vice upon principal officers of a corporation, whether domestic or foreign. Section 75 also provides for service upon principal officers, and, furthermore, if such officers cannot be found, gives the privilege of service upon certain employes, and it extends this privilege to employes of apparently very low degree. It provides for service upon a clerk, ticket agent, or station keeper. In other words, it would seem that, if service cannot be obtained under the provisions of section 72, it may be obtained under the more liberal provisions of section 75. It does not appear to us that the two sections are necessarily repugnant. We are of opinion that there is nothing in section 75 which is repugnant to the provisions of section 72 allowing service upon the managing agent of a domestic corporation. (*Telephone Co.* v. *Turner*, 88 Tenn. 265, 12 S. W. 544.)

It is argued, and Mr. Sutherland is quoted to the effect, that where there are two statutes on the same subject, passed at different dates, and it is plain from the framework and substance of the last that it was intended to cover the whole subject, and to be a complete and perfect system or provision in itself, the last statute must be held to be a legislative declaration that whatever is embraced in it may prevail, and whatever is excluded is discarded and repealed. But it appears to us that section 75 does not seem to be a complete and perfect system in itself, to the exclusion of section 72. It does not cover the whole subject of service upon corporations, domestic and foreign. For instance, it makes no provision at all for service by publication. And, if section 75 is to be considered the only complete system in itself, then service by publication cannot be made at all. But service by publication is expressly provided for in section 72 and section 73. We do not consider that the provisions for service in this way were intended to be repealed by section 75; but, if section 75 is a complete system in itself, then there is no such procedure as service upon a corporation by publication. We cannot hold that section 75 was a complete substitute for all other provisions for service upon corporations, nor that it was necessarily repugnant to the provisions of section 72, allowing ser-

vice upon the managing agent of a domestic corporation.    We are therefore of the opinion that the service of summons made in this case was good, and that, therefore, the district court did not err in refusing to open the default and set aside the judgment.    The order appealed from must therefore be affirmed.

*Affirmed.*

PEMBERTON, C. J., concurs.