ANGELL, RESPONDENT, *v.* LEWISTOWN STATE BANK
ET AL., APPELLANTS.

(No. 5,596.)

(Submitted January 12, 1925.  Decided February 13, 1925.)

[232 Pac. 90.]

*Conversion — Automobiles — Conditional Sale Contracts — Evidence—Private Writings—Execution—How Proved—Statutory Construction—Trial—Offer of Proof—Rejection—When Proper.*

Evidence—Private Writings — not Admissible Unless Due Execution Proved.
1.  Before a private writing (a conditional sale contract attempted to be introduced by defendant in an action for the conversion of an automobile for the purpose of showing that one other than plaintiff was its owner) can be admitted in evidence, its execution must be proved, unless it be one which of itself furnishes the necessary evidence of its due execution.

Same—When Private Writings Admissible.
2.  Under sections 10598 and 10596, Revised Codes, any private writing (except a will) which is acknowledged or proved and certified as required by statute carries with it the evidence of its due execution and is admissible without further proof thereof.

Same—Private Writing Held Inadmissible in Absence of Proof of Execution.
3.  A certified copy of a conditional sale contract filed with a county clerk, the original of which was not acknowledged or proved and certified, was inadmissible for the purpose indicated in paragraph 1 above.

Appeal—Record on Appeal—Correction—Authority of Supreme Court.
4.  *Quaere:* Has the supreme court authority to grant a motion to have the record on appeal corrected to show the date of a county clerk's certificate to a copy of a writing offered in evidence and the fact that the certificate bore the clerk's seal?

Evidence—Private Writings—Proof of Execution by Attesting Witnesses Necessary, When.
5.  The common-law rule that where the execution of a writing has been attested the party desiring to prove its execution must, before using other evidence, either produce the attester as a witness or show that his testimony is not available, was not abrogated by section 10588, Revised Codes, and therefore where one of two witnesses who had attested a writing was available at the time of the trial and the absence of the other was not explained, the court properly denied permission to introduce the testimony of an expert in handwriting to show that the signature attached thereto was the signature of the person alleged to have executed it.

Statutory Construction—Whole of Act to be Given Effect.

6. Where two sections of the Codes were enacted by the same legislative assembly and as parts of one Act, and there is not any incongruity between them, both must be given effect, and their provisions harmonized if possible to do so and every part of it made operative, and no word in it must be deemed meaningless if a construction can be adopted which will make it effective.

Same—Wisdom and Policy of Legislation not Matter for Determination of Courts.

7. The wisdom and policy of legislation are matters for the determination of the legislature with which courts are not concerned, and they can neither repeal a section on the ground that it has outlived its usefulness nor effect the same result by a studied disregard of its provisions.

Personal Property—Ownership—Evidence.

8. *Obiter:* A witness may state, if he knows, who was the owner of a chattel on a certain day.

Trial—Offer of Proof Containing Objectionable Matter may be Rejected in Entirety.

9. Where an offer of proof contains objectionable matter, the trial court is not required to segregate the admissible portion and admit it, but the offer in its entirety may be rejected.

Conversion—Conditional Sale Contract—Vendee Entitled to Recover Full Value of Chattel.

10. The conditional vendee of an automobile may, in an action in conversion, recover from third-party tort-feasors its reasonable value and is not limited to the value of his interest represented by the proportion of the purchase price actually paid by him.

*Appeal from District Court, Meagher County, in the Fourteenth Judicial District; J. J. Lynch, a Judge of the Second District, presiding.*

ACTION by Edna G. Angell against the Lewistown State Bank and another. Judgment for plaintiff and defendants appeal. Affirmed.

---

6. Construction together of contemporaneous statutes *in pari materia,* see notes in 18 **Ann. Cas.** 424; **Ann. Cas.** 1915A, 186.

7. Wisdom, policy, or motives for enactment of statute as subject of judicial inquiry, see note in 1 **Ann. Cas.** 570.

8. Admissibility of direct opinion of witness as to ownership of personalty, see notes in 8 **Ann. Cas.** 832; **Ann. Cas.** 1912C, 664; **Ann. Cas.** 1916D, 289.

10. Measure of damages in trover when plaintiff has but special interest in property converted, see note in 52 **Am. Dec.** 678.

*Mr. Ralph J. Anderson,* for Appellants, and *Messrs. Belden & DeKalb,* of Counsel, submitted an original and a reply brief; *Mr. H. Leonard DeKalb* argued the cause orally.

We submit that the court committed error in refusing to receive the conditional sales contract which was offered, in evidence. The certified copy offered in court in this case was the original record of Meagher county, and was the record which the law has said is sufficient to give notice. Other courts have held that filed instruments, when certified, have the same force and effect in evidence as recorded instruments. (*Hall* v. *Aitkin,* 25 Neb. 360, 41 N. W. 192; *Oxsheer* v. *Watt,* 91 Tex. 402, 44 S. W. 67; 22 C. J., sec. 935, p. 819.)

Can a witness on the stand testifying from his own knowledge, testify as to the ownership of personal property? The trial court refused to permit the witness Salte to so testify, and an offer of proof was made but the court refused to receive it. The great weight of authority, and especially of modern authority, is to the effect that such evidence is admissible, subject to the right of cross-examination. (22 C. J. 524; *First National Bank of Hays City* v. *Robinson,* 93 Kan. 464, Ann. Cas. 1916D, 286, 144 Pac. 1019; 1 Wharton on Law of Evidence, pars. 507, 510; 1 Greenleaf on Evidence, 16th ed., par. 441; 3 Wigmore on Evidence, par. 1960; *DeWolf* v. *Williams,* 69 N. Y. 621; *Charles Roome Parmele Co.* v. *Haas,* 171 N. Y. 579, 64 N. E. 440; *Nolan* v. *Nolan,* 155 Cal. 476, 132 Am. St. Rep. 99, 17 Ann. Cas. 1056, 101 Pac. 520; *Hunnicutt* v. *Higginbotham,* 138 Ala. 472, 100 Am. St. Rep. 45, 35 South. 469; *Olson* v. *O'Conner,* 9 N. D. 504, 81 Am. St. Rep. 595, 84 N. W. 359; *Murphy* v. *Olberding,* 107 Iowa, 547, 78 N. W. 205; *Maginnis* v. *Hartford Fire Ins. Co.,* 160 Ill. App. 614; *Hess* v. *South Dakota Cent. R. Co.,* 30 S. D. 538, 139 N. W. 334; *Ft. Smith & W. R. Co.* v. *Winston,* 40 Okl. 173, 136 Pac. 1075.)

The respondent could only recover for the extent of her interest, if at all, and therefore the court should have given defendants' offered instructions so that the jury might have

passed on this question. (See *James* v. *Speer* (Mont.), 220 Pac. 535.)

*Mr. Edward Horsky, Mr. C. A. Linn* and *Mr. Earl F. Angell,* for Respondent, submitted a brief and argued the cause orally.

The conditional contract sought to be offered in evidence by defendants was not acknowledged nor was it proved. The statute, section 10958, Revised Codes of 1921, expressly provides that only certified copies of such instruments as have been "acknowledged" or "proved" may be read in evidence. Appellants overlook the statutory requirements that before a certified copy of an instrument may be introduced in evidence, it must be either notarially acknowledged, or in the case of an instrument on file (not notarially acknowledged) the same must be proved as any other instrument, such as by either of the parties to the instrument, or by subscribing witnesses to the original, *etc.* If the contentions sought to be maintained by appellant's counsel are correct, then by the filing by anyone of any sort of a writing purporting to be signed by anybody, and by merely having the county clerk and recorder certify that it was a copy of the original instrument on file, the same could be read and introduced in evidence, without a scintilla of proof of its authenticity.

In answer to appellant's question, "Can a witness on the stand testifying from his own knowledge, testify to the ownership of personal property?" we cite the following authorities in the negative under the facts of this case: *Cate* v. *Fife & Child,* 80 Vt. 404, 68 Atl. 1; *Reynolds* v. *Reynolds* (Tex. Civ.), 224 S. W. 382; *Phillips* v. *Collinsville Granite Co.,* 123 Ga. 830, 51 S. E. 666–668; *Corn Exchange Bank* v. *Schuttleworth,* 99 Iowa, 536, 68 N. W. 827; *Western Investment & Land Co.* v. *First Nat. Bank of Denver,* 64 Colo. 37, 172 Pac. 6; *Taylor* v. *Butler* (Tex. Civ.), 168 S. W. 1004; *Montgomery* v. *Martin,* 104 Mich. 390, 62 N. W. 578, 579.

"If an action of trover be instituted by one who is entitled to bring the action, though he has but a limited interest in the property, alleged to have been converted, he is entitled to recover the full value of the property converted against a stranger." (26 R. C. L. 1152, citing *Treadwell* v. *Davis,* 34 Cal. 601, 94 Am. Dec. 770, note; *Jones* v. *Kellogg,* 51 Kan. 263, 37 Am. St. Rep. 278, 33 Pac. 997; *Harker* v. *Dement,* 9 Gill (Md.), 7, 52 Am. Dec. 670, and note; *Adams* v. *O'Connor,* 100 Mass. 515, 1 Am. Rep. 137; *Booth* v. *Ableman,* 20 Wis. 21, 88 Am. Dec. 730.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted by Edna G. Angell to recover damages for the alleged conversion of·an automobile, which was seized by the sheriff of Meagher county under a writ of attachment issued in an action wherein the Lewistown State Bank was plaintiff and Earle F. Angell and Earl Ashbaugh were defendants. The only issues raised by the pleadings relate to the ownership of the car and its value. Plaintiff testified that she purchased the car from S. J. Salte, through his agent, Wood, for $1,925; and that she paid $850 of the purchase price; that she agreed to pay the remainder in installments to be secured by a conditional sale contract; that the car was delivered to her on September 25, and that she retained exclusive possession thereof until it was seized by the sheriff on October 5. The witnesses placed the value of the car at from $1,600 to $1,925. The plaintiff prevailed in the trial court, and the defendants appealed from the judgment.

1. It was the theory of the defendants that Earl F. Angell [1] owned the car in question at the time it was seized, that it had been purchased by him from S. J. Salte under a conditional sale contract, and that Salte had exercised an option reserved to him by the contract and had secured possession of the car after it was seized by the sheriff. To sustain this

theory the defendants called to the witness-stand the county clerk of Meagher county, had him identify an instrument as one of the files of his office, and then, without any further foundation being laid, offered the instrument in evidence. Upon objection it was excluded, and error is predicated upon the ruling.

It appears that an original conditional sale contract, purporting to be signed by Earl F. Angell, had been filed in the office of the county clerk of Fergus county, a certified copy thereof procured, and the certified copy filed with the county clerk of Meagher county. It was this last-mentioned instrument which was offered in evidence. For the purpose of this appeal we assume that the certified copy was properly filed with the county clerk of Meagher county, under the provisions of section 7594, Revised Codes. Nevertheless it was only a copy, and secondary evidence of the contract and its contents (sec. 10495); hence inadmissible in the first instance, unless made admissible by statute.

In support of their contention that the offered evidence was admissible for the purpose indicated, without preliminary proof, counsel for defendants cite sections 10569, 10597 and 10598, Revised Codes. Each of the first two sections by its express terms refers to a recorded instrument, and neither the instrument offered in evidence nor the original conditional sale contract was ever recorded or entitled to be recorded.

Section 10598 provides: "Every instrument conveying or affecting real property, acknowledged or proved and certified, as provided in the Civil Code, and every instrument authorized by law to be filed or recorded in the county clerk's office, may, together with the certificate of acknowledgment or proof, be read in evidence in an action or proceeding, without further proof; also, the original record of such conveyance or instrument thus acknowledged or proved, or a certified copy of the record of such conveyance or instrument thus acknowledged or proved, may be read in evidence, with the like effect as the original instrument, without further proof." This section refers to two

classes of instruments: (a) Instruments which are recorded; and (b) instruments which are merely filed in the office of the county clerk.

It is an elementary rule of evidence that, before a private writing can be admitted in evidence for the purpose here indicated, its execution must be proved (4 Wigmore on Evidence, 2d ed., secs. 2129 and 2130; 3 Jones' Commentaries on Evidence, sec. 526; 22 C. J. 929), and this preliminary proof must be made at the time the writing is offered, unless it is one which of itself furnishes the necessary evidence of its own due execution.

Section 10598 provides that an instrument conveying or [2] affecting real property, acknowledged or proved and certified as required by the Civil Code, or the original record thereof, or a certified copy of the record, may be read in evidence without further proof. Each of the words "acknowledged" and "proved" has a well-defined meaning, which is made plain by the Civil Code (secs. 6905–6926, Rev. Codes).

Section 10596 reads as follows: "Every private writing, except last wills and testaments, may be acknowledged or proved and certified in the manner provided for the acknowledgment or proof of conveyances of real property, and the certificate of such acknowledgment or proof is *prima facie* evidence of the execution of the writing in the same manner as if it were a conveyance of real property."

By the provisions of these two sections any private writing, except a will, which is acknowledged or proved and certified in the manner indicated by the Civil Code, is thus freighted with the evidence of its own due execution, sufficient to admit it in evidence without further proof.

As observed heretofore, the original conditional sale contract [3] was not acknowledged or proved and certified, and hence it would not have been admissible under these statutes, or at all, without proof of its execution, and certainly the copy offered was not better evidence than the original document itself.

The ruling of the trial court was so manifestly correct that further discussion of the subject is unnecessary.

Defendants moved this court to have the record corrected to [4] show the date of the clerk's certificate to the copy offered in evidence and the fact that the certificate bore the clerk's seal; but, in view of our conclusion, it is apparent that the correction, if made, would not aid the defendants, and the motion is therefore denied, without expressing any opinion as to whether this court has the authority to require a correction of this character to be made.

2. Defendants having failed in the attempt to introduce the [5] copy in the first instance, then sought to lay a foundation for the introduction of secondary evidence by proving the execution of the original conditional sale contract, and to this end called a witness, Anderson, who testified that he was familiar with the signature of Earl F. Angell, and that he had examined the signature of the maker to the original conditional sale contract. Defendants then offered to prove by the witness that the signature of the maker to the original contract is the genuine signature of Earl F. Angell, but the offer was rejected. It was made to appear that the signature of the maker to the original contract had been attested by two witnesses, one of whom was available at the time of this trial, and the absence of the other one not explained.

While counsel for defendants insist that the trial court erred in rejecting the offered evidence, they do not cite any authority to support their contention.

It was the rule at common law that: "Where the execution of any document purports to have been attested, a party desiring to prove its execution against an opponent entitled in the state of the issues to dispute execution must, before using other evidence, either produce the attester as a witness or show his testimony to be unavailable," *etc.* (2 Wigmore on Evidence, 2d ed., sec. 1289.)

In most of the jurisdictions the rule has been limited, by statute, to documents which are required by law to be attested

(2 Wigmore, sec. 1288), but in this state the rule in its original form was adopted as a part of the common law (sec. 10703, Rev. Codes), and in that form is now in full force and effect, unless it has been modified by statute. Sections 10588 and 10589, Revised Codes, read as follows:

"10588. Any writing may be proved either: (1) By anyone who saw the writing executed; or (2) by evidence of the genuineness of the handwriting of the maker; or (3) by a subscribing witness.

"10589. If the subscribing witness denies or does not recollect the execution of the writing, its execution may still be proved by other evidence."

These sections were enacted in 1895 and have been carried forward to the present time without change. Standing alone, section 10588 would indicate that the rule of preference for an attesting witness had been abrogated, but we are not at liberty to read it alone.

The two sections above were not enacted severally, but as [6, 7] component parts of an entire Code (sec. 3484, Code Civ. Proc. 1895), and it is an elementary rule of statutory construction that the whole of any enactment on a given subject must be considered. (*Hardesty* v. *Largey Lumber Co.*, 34 Mont. 151, 86 Pac. 29.) In other words, every part of a statute must be made operative, if it is possible to do so, and no word in it must be deemed meaningless, if a construction can be adopted which will make it effective. (*In re McLure's Estate*, 68 Mont. 556, 220 Pac. 527.) Since the two sections were enacted by the same legislative assembly and as parts of one Act, and there is not any incongruity between them, both must be given effect. (*Congdon* v. *Butte Consolidated Ry. Co.*, 17 Mont. 481, 43 Pac. 629.)

There is not any difficulty encountered in harmonizing the provisions of these sections. Section 10588 provides three several methods by which the execution of any writing may be proved, but it deals with the subject generally, and its

provisions are as applicable to a writing the signature to which is not attested as to any other; whereas, section 10589 deals exclusively with a writing the signature to which is attested, and permits the introduction of other evidence only in the event the subscribing witness either denies the execution or does not recollect it.

If the execution of an instrument the signature to which has been attested may be proved in the first instance by one who saw it signed and delivered, or if the genuineness of the signature of the maker of such an instrument may be proved without reference to the subscribing witness, then section 10589 is absolutely meaningless.

It may be conceded at once that the rule in the broad terms stated in section 10589 had outlived its usefulness long before the section was ever enacted in this state, but the wisdom and policy of legislation are matters for the determination of the lawmakers, and not the courts, and we can neither repeal the section nor effect the same end by a studied disregard of its plain provisions. When the two sections above are read together, the conclusion is unavoidable that our legislature intended to preserve the ancient rule of the common law, and under this construction of the statute the court did not err in the ruling now under review.

3. Defendants sought to prove that S. J. Salte was the owner of the car at the time it was seized, and to this end made the following offer of proof: "The defendants offer in so many words to prove by the witness Salte that on the fifth day of October, 1923, he, the said S. J. Salte, was the owner of that certain special Jewett sedan, car No. 64247, and motor No. 64592; and the defendants offer to prove by the witness, further, that on or about the seventeenth day of December, 1923, he secured the possession of the said automobile mentioned in the preceding offer, under his third party claim, and has retained possession of the same until such time as it was sold to parties in no way connected with this lawsuit, either

as parties or otherwise.'' The offer was rejected, and error is assigned to the ruling.

In their brief, counsel for defendants urge that the offer [8] fairly presents the question: Was it proper to ask the witness Salte to state, if he knew, who was the owner of the car on October 5, 1923? If this were the question presented, we might agree with counsel that it calls for an affirmative answer (4 Wigmore on Evidence, 2d ed., sec. 1960), but we are unable to agree with them upon the premise assumed. The question before us is: Did the trial court err in rejecting the offer of proof as made?

It is the rule in this state that, when an offer of proof is [9] made which contains objectionable matter, it is not the duty of the trial court to segregate the admissible portion and admit it, but the offer in its entirety may be rejected. (*Blair* v. *Struck*, 29 Mont. 45, 63 L. R. A. 481, 74 Pac. 69; *Frederick* v. *Hale*, 42 Mont. 153, 112 Pac. 70; *Bowlin Liquor Co.* v. *Fauver*, 43 Mont. 472, 117 Pac. 103; *Judy* v. *Craddock*, 56 Mont. 556, 185 Pac. 771.)

The matters recited in the second sentence of the offer were wholly immaterial. This action was commenced on December 11, 1923, and all questions concerning the ownership of the car were referable to the date upon which it was seized, October 5, 1923. Under the rule just stated, it cannot be said that the court erred in rejecting the offer of proof as made.

4. The court instructed the jury to return a verdict in [10] favor of plaintiff for the reasonable value of the car on October 5, 1923, and refused to give certain instructions upon the measure of damages requested by the defendants. These instructions present the question: May the plaintiff, a conditional vendee, recover from third-party tort-feasors the reasonable value of the property converted, or is she limited to the value of the interest represented by the proportion of the purchase price actually paid by her? The question was answered by this court in *Lacey* v. *Great Northern Ry. Co.,* 70 Mont. 346, 225 Pac. 808, as follows: ''The conditional

buyer, having the risk and being obligated to pay the full price to the seller, may bring action against the tort-feasor and recover as damages the full value of the chattel.''

In the absence of any showing of a breach of the terms of the contract by the plaintiff, the trial court properly applied the rule just stated.

We do not find any reversible error in the record, and accordingly the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK and MATTHEWS concur.

MR. JUSTICE GALEN, being absent on account of illness, did not hear the argument and takes no part in this decision.

Rehearing denied March 6, 1925.